Cynthia L. Ducey
Delaney Wiles, Inc.
1007 West 3rd Avenue, Suite 400
Anchorage, AK  99501
Phone: (907) 279-3581
Fax:   (907) 277-1331
cld@delaneywiles.com

Attorneys for Defendants
     Safeway Inc. and Nancy Patterson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| GEORGE SISKOFF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SAFEWAY INCORPORATED and ) | |
| NANCY PATTERSON, ) | |
| ) | |
| Defendants. ) | Case No. 3:10-cv-_____ |
| ) | |

**NOTICE OF REMOVAL OF CASE FROM STATE COURT**
**(SUPERIOR COURT NO. 3UN-10-00021 CI)**

TO THE DISTRICT COURT OF THE UNITED STATES, DISTRICT OF ALASKA, AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that the Defendants, Safeway Incorporated ("Safeway") and Nancy Patterson ("Patterson"), contemporaneous with the filing of this notice, are effectuating the removal of the above-referenced action from the Superior Court of the State of Alaska, Third Judicial District, to the United States District Court for the District of Alaska.  A true and correct copy of the

Notice of Removal of Case From State Court                    Page 1 of 5
*Siskoff v. Safeway Inc., et al.*                    Case No. 3:10-cv-_____
Case 3:10-cv-00126-HRH   Document 1   Filed 06/11/10   Page 1 of 5

notice to Superior Court of filing notice of removal filed in Case 3UN-10-00021 CI, is attached hereto as Exhibit A. Copies of all pleadings and papers filed in the Superior Court, which include the Complaint dated April 13, 2010, Demand for Jury Trial dated April, 13, 2010, Summons to Defendant Safeway dated May 3, 2010, and Summons to Defendant Patterson dated May 3, 2010, are attached hereto as Exhibit B per 28 U.S.C. § 1446(a). The removal is based on the following grounds:

1. On or about April 15, 2010, there was filed in the Superior Court for the State of Alaska, Third Judicial District at Unalaska, the above-entitled action, Case No. 3UN-10-00021 CI.

2. The Defendants first received a copy of the Complaint on or about May 11, 2010, via hand-delivery at the office of Safeway's legal counsel, Delaney Wiles, Inc. at Anchorage, Alaska.

3. The United States District Court has jurisdiction over the Superior Court action in this matter, pursuant to 28 U.S.C. § 1332, as one that may be removed under 28 U.S.C. § 1441(a) based on diversity of citizenship. Plaintiff's Complaint alleges damages in excess of $75,000.

4. This notice of removal is timely filed in that it is filed within thirty days of the Defendants' first notice of the lawsuit. A copy of the Complaint was delivered to Defendants on or about May 11, 2010.

Notice of Removal of Case From State Court  Page 2 of 5
*Siskoff v. Safeway Inc., et al.*  Case No. 3:10-cv-_____
Case 3:10-cv-00126-HRH   Document 1   Filed 06/11/10   Page 2 of 5

5. On information and belief, Plaintiff George Siskoff is a citizen and resident of the state of Alaska.

6. Safeway is a corporation organized under the laws of the State of Delaware with its principal place of business in Pleasanton, California. Its corporate citizenship is California.

7. Patterson is a citizen and resident of the state of Alaska who has been fraudulently joined by Plaintiff.

8. For the purposes of determining diversity of citizenship, the citizenship of Patterson must be disregarded because her inclusion in this matter is fraudulent. Under the standard adopted by the court in *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987), joinder of a non-diverse defendant is fraudulent "if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."

9. Plaintiff's complaint specifies no cause of action against Patterson, simply noting that she was the general manager of the Safeway store at the time of Plaintiff's injury. The Complaint alleges generally that Safeway's employee's agents were acting within the scope of their agency.

10. Plaintiff's Complaint makes five allegations of negligence against Defendants generally, without specific reference to Patterson. First, in paragraph 15a Plaintiff alleges Defendants were negligent in design installation and maintenance of the

Notice of Removal of Case From State Court                                Page 3 of 5
*Siskoff v. Safeway Inc., et al.*                                        Case No. 3:10-cv-_____
Case 3:10-cv-00126-HRH   Document 1   Filed 06/11/10   Page 3 of 5

ladder.  Second, in paragraph 15b Plaintiff alleges Defendants were negligent in failing to discover that the ladder configuration allegedly violates 29 C.F.R. §1819.27(c)(4).  Third, in paragraph 15c Plaintiff alleges Defendants were negligent in failing to discover that the roof hatch was open, close same, and remediate the wet and slippery conditions caused by the roof hatch being partially opened.  Fourth, in paragraph 15d Plaintiff alleges Defendants were negligent in failing to paint, coat, or otherwise apply non-skid material to the rungs of the ladder.  Fifth, in paragraph 15e Plaintiff alleges Defendants were negligent in failing to appreciate that an open roof hatch could lead to the relatively slippery and dangerous condition of the ladder.

    11.  The Alaska Supreme Court in *Lyons v. Midnight Sun Transportation*, 928 P.2d 1202, 1204 (Alaska 1996) declared that a finding of negligence requires proof of four distinct elements before a defendant can be liable therefor.  The elements are duty, breach of duty, causation, and harm.  Plaintiff's Complaint does not specify any duty of Patterson with regard to any of the aforementioned allegations of negligence, instead simply stating legal conclusions without any factual allegations in support thereof.  Similarly, Plaintiff's Complaint makes no specific allegation as to breach of any duty by Patterson.  Plaintiff's Complaint does allege harm, but fails to allege a causal connection between said harm and any breach of any duty on the part of

Notice of Removal of Case From State Court          Page 4 of 5
*Siskoff v. Safeway Inc., et al.*          Case No. 3:10-cv-_____
Case 3:10-cv-00126-HRH   Document 1   Filed 06/11/10   Page 4 of 5

Patterson.  Since Plaintiff's allegations of negligence assert conclusory liability absent underlying factual allegations, Plaintiff fails to state a viable claim against Patterson and cannot recover against Patterson under this cause of action.

    12.  Safeway and Patterson's Consents to Removal are attached as Exhibits C and D.

    13.  The notice to State Superior Court of the notice of removal is being filed contemporaneously with this notice in federal court.

    DATED this 10th day of June, 2010, at Anchorage, Alaska.

DELANEY WILES, INC.
Attorneys for Defendant

/s/ Cynthia L. Ducey
1007 West 3rd Avenue, Suite 400
Anchorage, AK  99501
Phone: (907) 279-3581
Fax:   (907) 277-1331
cld@delaneywiles.com
Alaska Bar No. 8310161

**CERTIFICATE OF SERVICE**

I hereby certify that on this
10th day of June, 2010, a copy
of foregoing document was
served via mail on:

   Michael J. Schneider
   Law Office of Michael J. Schneider, P.C.
   880 N Street, Suite 202
   Anchorage, AK  99501

/s/Cynthia L. Ducey
4823-2210-8934, v.  1

Notice of Removal of Case From State Court          Page 5 of 5
*Siskoff v. Safeway Inc., et al.*          Case No. 3:10-cv-_____
Case 3:10-cv-00126-HRH   Document 1   Filed 06/11/10   Page 5 of 5