SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT UNALASKA

GEORGE SISKOFF,

        Plaintiff,

v.

SAFEWAY INCORPORATED and
NANCY PATTERSON,

        Defendants.

CASE NO. 3UN-10-21 CI

## COMPLAINT

COMES NOW Plaintiff, George Siskoff, by and through his attorneys, the Law Offices of Michael J. Schneider, P.C., and complains and alleges against defendants, Safeway Incorporated and Nancy Patterson, and each of them, as follows:

### I.

### Parties/Jurisdiction

1. At the time of the incident complained of herein, Mr. Siskoff was a resident of Eagle River, Third Judicial District, State of Alaska. Mr. Siskoff now resides in Palmer, Alaska.

2. At all times herein relevant, Safeway Incorporated was a Delaware corporation that operated grocery stores throughout the state of Alaska, but specifically at 2029 Airport Beach Road, Unalaska, Alaska 99685. This location is within the Third Judicial District. Safeway's registered agent for service of process in Alaska is United States Corporation Company, 9360 Glacier Highway, Suite 202, Juneau, AK 99801.

3. At all times herein relevant, Nancy Patterson was a resident of Unalaska, Third Judicial District, State of Alaska and was the general manager of the Safeway store located there.

4. As set forth in more detail below, on or about May 1, 2009, Mr. Siskoff suffered serious and permanent injuries on the premises of the Safeway store in Unalaska.

## II.

### Facts of the Occurrence

5. On May 1, 2009, Mr. Siskoff, working as a refrigeration technician, entered the Safeway store in Unalaska to repair its refrigeration system. Part of that system is and was located on the roof of the building.

6. On May 1, 2009, it was necessary for Mr. Siskoff to access Safeway's rooftop in order to work on the part of the refrigeration system that was located on the building's roof.

7. Access to the Safeway store's roof was through the store's "compressor room." Once in this room, a fixed wall-ladder located there leads to a roof hatch which one must open in order to get onto the building's roof.

8. On May 1, 2009, it was raining in Unalaska. When Mr. Siskoff entered the compressor room, he noticed that the compressor room's concrete floor was wet, the fixed wall-ladder was wet, and that these conditions appeared to be caused by the configuration of the roof hatch, which he then observed to be partially open.

9. Mr. Siskoff did not open the roof hatch, did not know then and does not know now who opened the roof hatch, nor was the security of that hatch Mr. Siskoff's responsibility at the date and time of his injury, or in the hours immediately before he was hurt.

10. On May 1, 2009, Mr. Siskoff ascended the ladder, lost his footing on one of its slippery rungs, and grabbed for the top rung of the ladder to arrest his fall.

11. The top of the metal ladder is affixed to a "curb." The curb is a metal fitting or flange that attaches to the ladder and is itself affixed to the building. Because there was less than an inch of space between the curb and the ladder rung, Mr. Siskoff was unable to grab the top rung and arrest his fall.

12. Mr. Siskoff fell many feet to the concrete floor of the compressor room. He landed on his outstretched right arm, shattering his wrist, and then hit the right side of his head. He broke his nose.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

## III.

### Safeway is Responsible for the Acts and Omissions of its Agents and Employees

13. Mr. Siskoff's injuries and damages herein alleged, were legally caused by the negligent acts and omissions of Safeway's employees and agents, all acting within the scope of their employment and agency.

14. Safeway, as a corporate entity, is liable without fault for the negligent acts and omissions of its employees and authorized agents.

## IV.

### Defendants' Negligence Caused Mr. Siskoff's Injury

15. Defendants, and each of them, were negligent and their negligence was the legal cause of Mr. Siskoff's injuries and damages herein alleged. That negligence included, without limitation, the following:

   a. Designing, installing, and maintaining the ladder from which Mr. Siskoff fell in direct violation of 29 C.F.R. § 1819.27(c)(4);

   b. Failing to discover that the ladder in question is configured in violation of 29 C.F.R. § 1819.27(c)(4);

   c. Failing to discover that the roof hatch was open, close same, and remediate the wet and slippery conditions caused by the roof hatch's partially opened condition in advance of Mr. Siskoff's entry into the compressor room;

   d. Failing to paint, coat, or otherwise apply non-skid material to the rungs of the fixed ladder; and

   e. Failing to appreciate that an open roof hatch could lead to the relatively slippery and dangerous condition of the ladder that Mr. Siskoff faced on the date of his injury.

## V.

### Mr. Siskoff's Harms and Losses

16. On the date of the incident, Mr. Siskoff was first treated at Iliuliuk Family and Health Services in the Unalaska/Dutch Harbor area. Mr. Siskoff reported extreme pain at a

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

level of 10 out of 10 and his report was recorded in his medical records. He presented to the clinic with an open fracture and obvious angulation deformity, bruising and swelling of his wrist and face.

17. At Iliuliuk Family and Health Services, he was injected with Marcaine and given 10 cc's of Morphine. Mr. Siskoff reported, and it is recorded in his records, that his medication reduced his pain to a level of 6/10. X-rays were taken of his wrist and C-spine. The x-rays revealed 100% displacement of the ulna-radius medially, and a severely comminuted fracture.

18. Mr. Siskoff was treated at the Iliuliuk Family and Health Services clinic for many hours. This treatment included counter traction of his wrist fracture by a physician's assistant. His wrist was wrapped and then splinted to stabilize it pending his anticipated surgery in Anchorage.

19. A medivac flight was ordered for Mr. Siskoff but was unavailable on the date he was hurt. He spent a night in a hotel with his broken wrist. He flew to Anchorage on a commercial flight on May 2, 2009 and was admitted to Alaska Regional Hospital.

20. At Alaska Regional Hospital's emergency room, Mr. Siskoff was diagnosed as having an open right wrist fracture, possible intracranial injury, and possible facial bone injury. He complained of significant pain upon admission and his complaints were recorded in his medical record. He was sent to radiology for a head and brain CT. The CT revealed a non-displaced fracture of the lateral wall to the left orbit and slightly displaced fractures of his nasal bones.

21. Dr. Douglas Prevost provided an orthopedic consultation with regard to the wrist injuries. Dr. Prevost assessed Mr. Siskoff's injuries and diagnosed an open highly comminuted right distal radius fracture with intra-articular involvement and an associated ulnar styloid fracture. The doctor recommended surgical treatment to include formal irrigation and debridement, with open reduction and internal fixation of the injury along with possible percutaneous pinning. He advised Mr. Siskoff that his injury was significantly intra-articular

*Siskoff v. Safeway Incorporated, et. al.*, Case No. 3UN-10-____ CI
COMPLAINT
4
Case 3:10-cv-00126-HRH   Document 1-2   Filed 06/11/10   Page 4 of 11
EXHIBIT B
Page 4 of 11

with significant displacement and he was at risk for arthritis and the need for future surgeries including the possibility of a future wrist fusion.

22. Surgery was performed on May 3, 2009. Dr. Prevost encountered numerous complications during the surgery including multiple attempts at open reduction which were unsuccessful. There were three small bone fragments that were highly mobile. As a result, Dr. Prevost had to externally fixate the wrist due to the instability of the fracture sight. Internal fixation was also performed utilizing pins to fixate the three loose bone fragments. Mr. Siskoff was discharged and referred to Donald Endres, M.D. for a consultation with regard to his nasal and orbit fractures.

23. Mr. Siskoff was seen by Dr. Endres on May 12, 2009. Dr. Endres recommended closed reduction of the nasal fracture; however, Mr. Siskoff declined this treatment given his minimal symptoms.

24. The wrist sutures were removed on May 18, 2009 and Mr. Siskoff was seen again on June 24, 2009 by Dr. Prevost. At that time, Dr. Prevost felt that Mr. Siskoff was ready for surgery to remove the external fixation device. This surgery was performed on June 25, 2009 at the Alaska Surgery Center. Dr. Prevost prescribed physical therapy. He also signed a work release for total impairment from the date of the injury through July 5, 2009.

25. Mr. Siskoff was seen again by Dr. Prevost on July 8, 2009. He reported significant stiffness in the right wrist. Dr. Prevost discussed the importance of working aggressively in physical therapy to regain motion and function. Dr. Prevost also prescribed occupational therapy two times a week for six weeks. He also refilled a pain prescription for Norco. Dr. Prevost advised Mr. Siskoff that he may require manipulation of the wrist under anesthesia if Mr. Siskoff was unable to gain motion and function of the wrist. Dr. Prevost extended Mr. Siskoff's work release through the end of July at which time Mr. Siskoff was placed on light duty with no lifting over 20 pounds.

26. On August 5, 2009, Mr. Siskoff returned to Dr. Prevost for a followup evaluation. Mr. Siskoff reported that he continued to have problems with range of motion in his hand,

including all of his fingers and his wrist. Mr. Siskoff reported that his pain level had improved, but he was frustrated with the loss of motion in his hand. He also reported that his right shoulder was painful. A previous evaluation had suggested impingement syndrome of the shoulder. Consequently, Dr. Prevost injected the shoulder with Depo-Medrol and Marcaine. Physical therapy for the wrist was ongoing at this point.

27. Mr. Siskoff was seen in September, and again in October, by Dr. Prevost. By October, Mr. Siskoff reported that he was making good progress, but still had stiffness and pain, particularly with lifting. He also reported awaking during the night with pain. X-rays revealed disuse osteopenia and early degenerative changes in the wrist. Mr. Siskoff's last physical therapy appointment was on September 30, 2009; however, Dr. Prevost recorded in the medical records that Mr. Siskoff religiously participates in a home-exercise and therapy program (hot packs, squish ball, putty and manual exercises) to increase his mobility, that he is still in pain, and that he continues to do his physical therapy exercises at home.

28. In early December 2009, Dr. Prevost increased Mr. Siskoff's work release to no lifting over 30 pounds and no repetitive lifting over 20 pounds; however, he was released to light duty work only, as Mr. Siskoff was unable to perform his job at the time of his injury because of the loss of motion, loss of strength, and ongoing pain in his dominant right wrist.

29. Among the limitations, harms, and losses suffered by Mr. Siskoff and legally caused by defendants' negligent acts and omissions are the following:

    a. Constant dull achiness in his arm/wrist/hand;

    b. Awakening during sleep as a result of pain;

    c. Loss of strength and range of motion in right hand and arm;

    d. Restricted lifting abilities;

    e. Pain in his shoulders and upper back with weakness;

    f. Unable to turn his wrist for tasks such as using a screwdriver, opening a jar or bottle, or using a can-opener;

*Siskoff v. Safeway Incorporated, et. al.*, Case No. 3UN-10-____ CI
COMPLAINT
6
Case 3:10-cv-00126-HRH   Document 1-2   Filed 06/11/10   Page 6 of 11
EXHIBIT B
Page 6 of 11

g. Unable to use a hammer or saw, or any other tool that requires both hands . . . (such as pipe wrenches);

h. Unable to pull with his right wrist . . . *i.e.*, starter ropes on small engines, lawnmowers, chain saws, fishing boats;

i. He cannot swing a golf club and used to love to play golf; gripping a fishing rod is problematic; he cannot bowl with his granddaughter; and

k. Because he is right hand dominant, he has been forced to learn to use his left hand for multiple tasks.

30. Mr. Siskoff's harms, losses, and limitations legally caused by defendants' negligence include, without limitation:

a. Past and future pain, suffering and immobility;

b. Past medical expenses in the amount of $63,738.11 or more;

c. Future medical expenses;

d. Past lost wages in excess of $35,000;

e. Future loss of wages and earning capacity;

f. Past loss of various household services; and

g. Future loss of various household services.

These harms and losses will be proved with specificity at trial, but are greater than $100,000.00.

## VI.

### General Allegations

31. No person or entity not now named in the caption hereof should be allocated a percentage of fault under AS 09.17.080 or otherwise.

32. Mr. Siskoff is without fault in causing the incident and/or his harms and losses complained of or any of the damages sought by this Complaint.

33. As a direct and proximate result of the conduct complained of above, Mr. Siskoff suffered "severe permanent physical impairment or severe disfigurement" within the meaning

*Siskoff v. Safeway Incorporated, et. al.*, Case No. 3UN-10-____ CI
COMPLAINT
7
Case 3:10-cv-00126-HRH   Document 1-2   Filed 06/11/10   Page 7 of 11
EXHIBIT B
Page 7 of 11

of AS 09.17.010(c).

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general damages, according to proof at trial.

2. For special damages, according to proof at trial, but greater than $100,000.00.

3. For such other and further relief as the Court deems appropriate under the law and practice of this jurisdiction and the circumstances of the case.

DATED this 13th day of April, 2010.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

_____
Michael J. Schneider
Counsel for Plaintiff
Alaska Bar No. 7510088

SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT UNALASKA

Filed in the District Court
for the State of Alaska at Unalaska

APR 15 2010

Clerk of Court

GEORGE SISKOFF,

　　　　　　Plaintiff,

v.

SAFEWAY INCORPORATED and
NANCY PATTERSON,

　　　　　　Defendants.

CASE NO. 3UN-10-___21___ CI

## DEMAND FOR JURY TRIAL

A jury trial of all issues so triable is hereby demanded by the undersigned.

DATED this 13th day of April, 2010.

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.

Michael J. Schneider
Counsel for Plaintiff
Alaska Bar No. 7510088

LAW OFFICES
MICHAEL J. SCHNEIDER, P.C.
880 "N" STREET, SUITE 202
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 277-9306
FAX (907) 274-8201

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT UNALASKA

GEORGE SISKOFF,
     Plaintiff(s),
vs.

SAFEWAY INCORPORATED and
NANCY PATTERSON
     Defendant(s).

CASE NO. 3UN-10-____ CI

[RECEIVED MAY 11 2010 DELANEY WILES, INC.]

**SUMMONS AND NOTICE TO BOTH PARTIES OF JUDICIAL ASSIGNMENT**

To Defendant: Safeway Incorporated

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): Box 245, Unalaska, AK 99685 within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

 Plaintiff's attorney or plaintiff (if unrepresented): Michael J. Schneider PC
 Address: 880 N St. Ste 202, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm , to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Fred Torrisi

(SEAL)

5-13-10 Date    By: _____ Deputy Clerk

*The State or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (10/05)(st.3)    Civil Rules 4, 5, 12, 42(c), 55
SUMMONS

Case 3:10-cv-00126-HRH Document 1-2 Filed 06/11/10 Page 10 of 11
Page 10 of 11

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ALASKA
AT UNALASKA

GEORGE SISKOFF,

             Plaintiff(s),

vs.

SAFEWAY INCORPORATED and
NANCY PATTERSON,
             Defendant(s).

RECEIVED MAY 11 2010 DELANEY WILES, INC. H

CASE NO. 3UN-10-__ CI

**SUMMONS
AND
NOTICE TO BOTH PARTIES
OF JUDICIAL ASSIGNMENT**

To Defendant: Nancy Patterson

You are hereby summoned and required to file with the court a written answer to the complaint which accompanies this summons. Your answer must be filed with the court at (address): Box 245, Unalaska, AK 99685
within 20 days* after the day you receive this summons.

In addition, a copy of your answer must be sent to:

    Plaintiff's attorney or plaintiff (if unrepresented): Michael J. Schneider PC
    Address: 880 N St. Ste 202, Anchorage, AK 99501

If you fail to file your answer within the required time, a default judgment may be entered against you for the relief demanded in the complaint.

If you are not represented by an attorney, you must inform the court and all other parties in this case, in writing, of your current mailing address and any future changes to your mailing address and telephone number. You may use court form *Notice of Change of Address / Telephone Number* (TF-955), available at the clerk's office or on the court system's website at www.state.ak.us/courts/forms.htm, to inform the court.

-OR-

If you have an attorney, the attorney must comply with Alaska R. Civ. P. 5(i).

NOTICE OF JUDICIAL ASSIGNMENT

To: Plaintiff and Defendant

You are hereby given notice that this case has been assigned to Judge Fred Torrisi.

(SEAL)

_____  By: _____
Date                                                       Deputy Clerk

*If a state or a state officer or agency named as a defendant has 40 days to file its answer. If you have been served with this summons outside the United States, you also have 40 days to file your answer.

CIV-100 (10/05)(st.3)
SUMMONS

Civil Rules 4, 5, 12, 42(c), 55